People of the State of Illinois ex rel. Edward J. Barrett, Appellee, v. Anna Tull, Administratrix of Estate of Oscar Tull, Deceased, Appellant.

Gen. No. 9,285.

Heard in this court at the April term, 1941. Opinion filed November 3, 1941.

R. I. DOVE, of Shelbyville, for appellant.

GEORGE F. BARRETT, Attorney General, for appellee; W. F. GRAY, Assistant Attorney General, of counsel.

MR. JUSTICE FULTON delivered the opinion of the court.

The facts in this case are not in controversy. Oscar Tull was on May 6th, 1936, employed by the State of Illinois as a workman on State Highway Route No. 16. While engaged in the performance of his duties, and in the exercise of due care and caution for his own safety, he suffered injuries through the negligence of one Norman Siefkin, an employee of the Household Finance Corporation, from which he died on the same day. The plaintiff appellant, as administratrix of the Oscar Tull estate on October 13, 1936, filed a complaint in the circuit court of Shelby county against the said

Norman Siefkin and Household Finance Corporation, seeking damages for the death of Oscar Tull, resulting from such injuries.

On the 23rd day of April 1937, the State of Illinois, while the above cause was still pending, filed a motion for leave to enter its appearance and to intervene in said cause asking that the State be subrogated, reimbursed and indemnified for certain sums of money expended by it for compensation paid to the widow Anna Tull in compliance with an award made by the court of claims of the State of Illinois, upon the petition of the said Anna Tull filed in said court, and which award aggregated about the sum of $3,400. Upon said date the State had paid to Anna Tull as such claimant to apply on such award the sum of $1,429.95.

On September 21, 1939, a judgment was entered in this cause in favor of the plaintiff appellant and against the defendants Siefkin and Household Finance Corporation for the sum of $5,000, and costs of suit, and the full amount thereof was, by the said defendants, paid to the clerk of the court in full satisfaction of such judgment. On September 30, 1939, the State of Illinois, by its attorney general, filed in this cause a motion and petition asking for a lien upon the award, fund and judgment entered in favor of appellant for the amount of compensation paid by the State to Anna Tull.

Subsequently the parties to this appeal entered into a stipulation whereby it was agreed that the facts set forth in said motion and petition were true and correct and that Oscar Tull, deceased, was at the time of the accident employed in a department of the State of Illinois which was engaged in an extra hazardous occupation at the time of his death.

On October 16, 1939, the appellant filed a motion to strike the motion and petition of the State of Illinois

for subrogation and reimbursement upon the following grounds:

1. That the State of Illinois is not entitled to subrogation or reimbursement for compensation paid to Anna Tull because the State of Illinois is not under the provisions of the Workmen's Compensation Act.

2. That section 29 of the Workmen's Compensation Act does not apply because the State of Illinois is not operating under said act and there is no authority known at common law to authorize the court to grant the prayer of said petition.

A hearing was had on the motion to strike and the court ruled that the State of Illinois be permitted to intervene and that the sum of $1,429.95, be paid to the treasurer of the State of Illinois as reimbursement for money paid to the said widow, Anna Tull.

It is from this order that the appellant has prosecuted her appeal to this court.

It is the contention of the appellant first that the funds awarded by the legislature upon recommendation of the court of claims were paid to Anna Tull as an individual, as the surviving widow of Oscar Tull; that the judgment rendered against the defendants in this cause was procured by and entered in favor of Anna Tull, administratrix of the estate of Oscar Tull, and that in the eyes of the law Anna Tull individually is one person and Anna Tull administratrix is entirely a different person.

We believe the language of section 29 of the Workmen's Compensation Act provides specifically that where an action is brought against another person by the injured employee or his personal representative, and judgment is obtained or paid, then from the amount received there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative. It further provides that the employer may have or claim a

lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

In this case, the claim for compensation filed by the widow in the court of claims and the suit by her as administratrix for damages, both arise out of the same transaction and are based upon the same state of facts; that the amount paid by the State to Anna Tull in fact and in law was compensation paid to the employee or his personal representative for which the employer is entitled to reimbursement out of the judgment obtained against a third party.

It is further urged on the part of the appellant that because she could not sue the State for compensation before the Industrial Commission but must resort to the court of claims, and because the employer of Siefkin could not sue the State in case the conditions were reversed and the State of Illinois had injured an employee of the Household Finance Corporation, that therefore, the conditions of the Workmen's Compensation Act are not reciprocal, and the State of Illinois is not entitled to participate in the benefits of the judgment recovered in this case.

However, section 3 of said act, while not in every sense reciprocal in its effect, applies automatically to the State of Illinois, and in this case the widow Anna Tull elected to apply for compensation by filing her petition with the court of claims of the State of Illinois. By the order of that court she was awarded an amount specifically as compensation under the terms and provisions of the Workmen's Compensation Act. $1,429.95 has been paid on that award as part of such compensation.

Where both parties elect to abide by the provisions of such law, they must be held to be bound thereby. To apply any other rule would be to give the appellant in this case the right to recover twice for the same

item of damage and to deny the State to recover back from a third party any amount which it had paid out by way of compensation.

The cases of *Dinwiddie v. Siefkin,* 299 Ill. App. 316, and *Agar Packing & Provisions Co. v. Becker,* 301 Ill. App. 237, do not hold otherwise. In the *Dinwiddie* case, this court held that section 3 of the Workmen's Compensation Act was intended to be directory only and not binding upon the State. The question of the right of the State to intervene and procure a lien by subrogation under similar circumstances was not passed upon in that case. The *Agar* case held that an employer was not authorized by the act to bring suit against a third person who is not included under the act.

It is our judgment that the order of the circuit court permitting the State of Illinois to intervene in this case and ordering the sum of $1,429.95, to be paid to the treasurer of the State of Illinois as reimbursement for compensation advanced was fully justified by the record in this case and such order is affirmed.

*Affirmed.*