GALL, Special Administratrix, and others, Plaintiffs and Respondents, v. ROBERTSON and others, Defendants: EMPLOYERS MUTUAL CASUALTY COMPANY, Defendant and Appellant.

*May 5—June 7, 1960.*

For the appellant there were briefs by *Kivett & Kasdorf* of Milwaukee, and *Frank M. Coyne* of Madison, attorneys, and *Clifford C. Kasdorf* and *Nonald J. Lewis,* both of Milwaukee, of counsel, and oral argument by *Mr. Lewis* and *Mr. Coyne.*

For the respondents there was a brief by *Hart, Kraege, Jackman & Wightman* of Madison, and *Robert H. Thurwachter* of Milwaukee, and *Lawrence E. Hart* of Madison, guardian *ad litem,* and oral argument by *Lawrence E. Hart.*

FAIRCHILD, J.   It is fortuitous that this proceeding is had in a Wisconsin court.  Evidently service could be made here on the defendants in the action for wrongful death.  The distribution of the money recovered in the action must be governed by the law of Illinois, except in so far as it is proper for sec. 102.29 (1), Wis. Stats., hereinafter referred to as the Wisconsin reimbursement provision, to operate. The question presented is the proper extent of such operation.

Secs. 1 and 2, ch. 70, 1 Illinois Rev. Stats. 1953, create a cause of action for wrongful death, authorize the personal representative of deceased to bring the action, and provide (sec. 2), . . . "the amount recovered . . . shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate . . ."

Appellant has argued that the "law" referred to in the quoted portion of the statute is the law of the state where the deceased resided.  The general rule is that such a reference is to the law of the state where the wrong occurred,

Restatement, Conflict of Laws, p. 481, sec. 393, although variant forms of such statutes have been interpreted differently. See *Estate of Petrasek* (1948), 191 Misc. 9, 79 N. Y. Supp. (2d) 561. We see no reason to labor the question here. Deceased having left a widow and more than one child, it happens that the same result will be achieved whether we apply the formula for intestate distribution in sec. 162, ch. 3, 1 Illinois Rev. Stats. 1953, or the formula in sec. 318.01 (1), Wis. Stats.

The widow applied for, and received a death benefit under the Wisconsin Workmen's Compensation Act. The Wisconsin reimbursement provision preserves the right of the employee, his personal representative, and others to bring a tort action against a third party on account of the injury or death, and grants a right to the employer or compensation insurer to do likewise for the purpose of securing part, or full reimbursement. The reimbursement provision regulates the procedure which each such plaintiff or party in interest is to follow, and provides for the division of the proceeds recovered. The reasonable cost of collection is to be deducted first; one third of the remainder is to be paid to the employee, or his personal representative, or other person entitled to bring action; out of the balance the employer or insurance carrier is to be reimbursed.

Appellant contends that sec. 102.29 (1), Wis. Stats., should operate on the entire proceeds recovered by the administratrix under the Illinois statute. Under its view, the cost of collection will first be deducted; one third of the remainder paid to Mrs. Gall and her children, and the balance used for reimbursement of appellant.

The circuit court reasoned that the Wisconsin reimbursement provision could not operate on the entire fund in the hands of the administratrix; that it could operate on the share of the widow who applied for death benefits under the Wisconsin Workmen's Compensation Act, but could not

operate on the share of the children who did not apply, and who do not receive benefits under the Wisconsin act. Under this view, Mrs. Gall's share of the cost of collection is first deducted from her one-third portion; one third of the remainder of her portion will be paid to her, and the balance used for partial reimbursement of appellant; the children's two-thirds portion of the recovery is subject only to their share of the cost of collection, and is free of any claim of appellant. Respondent concedes that her portion, as widow, is subject to the Wisconsin reimbursement provision.

We must bear in mind that the Illinois wrongful-death statute vests a share of the proceeds in the children. In an early case, this court took the position that our legislature had no power to enact a statute which would transfer to an employer a right of action created in favor of the estate of the deceased employee by the laws of another state. *Anderson v. Miller Scrap Iron Co.* (1921, 1922), 176 Wis. 521, 526, 182 N. W. 852, 187 N. W. 746:

"The liability of Herman Miller is created by the Michigan statute. The liability is in favor of the Boncher estate. The proceeds belong to the estate. They do not belong exclusively to the widow, or to those defined as dependents by our Compensation Act. To recognize the right of the legislature of this state to say that certain conditions shall operate as an assignment of that cause of action, or that it shall inure to the benefit of any except those specified by the law of Michigan, is to ascribe to the legislature of this state extraterritorial power. To apply the provisions of the Workmen's Compensation Act to the present cause of action is to take away from some of the beneficiaries of that cause of action the benefits thereof and confer them upon another. Neither the legislature nor the courts of this state have power to interfere with a cause of action created by the laws of a sister state. It is very plain that the Miller Scrap Iron Company derives no title to the cause of action set up in the complaint, by virtue of the laws of this state, and that the section of the statute heretofore quoted, while effectual to transfer to the employer

a cause of action arising under the laws of this state, is not effectual for that purpose where the cause of action arises by virtue of a statute of a sister state."

It is true that the statute involved in that case provided for an assignment by operation of law, but the quoted statements as to the power of our legislature are, nonetheless, in point. We conclude, however, that they require qualification. In the *Anderson Case,* the court does not seem to have investigated the public policy of Michigan beyond the terms of its statute creating, or providing for survival of the cause of action involved. Assuming that the statutory transfer to the employer of the cause of action for the death in Michigan of an employee subject to a compensation act was repugnant to the public policy of Michigan, then our court correctly declined to give effect to the Wisconsin statutory assignment in that case. The legislature doubtless intended, however, that an employer subject to the Wisconsin Workmen's Compensation Act should have the benefit of the statutory assignment wherever possible. There seems to be no reason why the Wisconsin reimbursement provision (which has replaced the former assignment provision) should not be fully applied to proceeds of a cause of action created under the law of any state where the provision is not repugnant to public policy.

The Wisconsin reimbursement provision does not merely subrogate the compensation insurer to the rights of one who has received compensation benefits. It provides for partial distribution to the employer, or compensation insurer, of the proceeds, after the liability of the tort-feasor has been determined "as to all parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting said claim."

In *Eleason v. Western Casualty & Surety Co.* (1948), 254 Wis. 134, 140, 35 N. W. (2d) 301, a wife lived only for a period of hours after the death of the employee. Under the

Wisconsin wrongful-death statute, the employee's lineal descendants acquired a new cause of action after the widow's death. This court held that under the Wisconsin reimbursement provision, the compensation carrier and the lineal descendants shared the new cause of action. It appears from the appendix on file in that case that the payment of compensation which gave the carrier its rights was not made to the lineal descendants, but to the administratrix of the estate of the widow.

If the Wisconsin reimbursement provision simply provided for subrogation of the employer or compensation insurance carrier to the rights of persons receiving death benefits under the Compensation Act, it would follow that unless receipt of benefits by the widow be deemed receipt of benefits by the dependent children, appellant could share only in the portion of the recovery which belongs to the widow. *Breitwieser v. State* (N. D. 1954), 62 N. W. (2d) 900, and *Prudential Ins. Co. v. Laval* (1942), 131 N. J. Eq. 23, 23 Atl. (2d) 908.

We conclude that the operation of the Wisconsin reimbursement provision on the entire proceeds would not be repugnant to the public policy of Illinois.

Sec. 138.5 (b), ch. 48, 1 Illinois Rev. Stats. 1953, is the reimbursement provision of the Illinois Workmen's Compensation Act, and it has been applied in Illinois to the proceeds recovered in actions for wrongful death. *Baker & Conrad v. Chicago Heights Construction Co.* (1936), 364 Ill. 386, 4 N. E. (2d) 953; *People ex rel. Barrett v. Tull* (1941), 311 Ill. App. 636, 37 N. E. (2d) 574. The Illinois reimbursement provision may be more onerous to the employee, or his widow, or next of kin than the Wisconsin reimbursement provision because the entire proceeds may be devoted to reimbursement under the Illinois law, while the amount so devoted cannot exceed two thirds of the

amount remaining after deduction of cost of collection under the Wisconsin law.

The Illinois reimbursement provision preserves the right of the employee, and his personal representatives, to bring action against a third party for injury or death, and provides:

"In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative . . ."

It also provides that if the employee, or personal representative fails to sue, the employer may do so. ". . . and out of any amount recovered the employer shall pay over to the injured employee or his personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this act, . . ."

While the first portion above quoted contains words indicating that in a death case, the employer may recover only the amount of compensation paid to the personal representatives, these words do not appear in the provision for suit by the employer, and have not been given their literal effect by the Illinois courts. *First Nat. Bank in Greensburg v. M & G Convoy* (D. C. Pa. 1952), 102 Fed. Supp. 494.

The result reached in this case by applying the Wisconsin reimbursement provisions to the entire proceeds of the action for wrongful death is in harmony with the law of Illinois, as well as Wisconsin. Had all material events occurred in Wisconsin, the children would not have been entitled to any share in the recovery for wrongful death. Sec. 331.04,

Wis. Stats. Had all material events occurred in Illinois, the award of death benefit would have been apportioned among the widow and children. Sec. 138.7 (e), Illinois Rev. Stats. 1953.

There seems to be no question about the fact that the children involved in this case would qualify as dependents of Mr. Gall under sec. 102.49, Wis. Stats., and would qualify as his dependents under sec. 102.51 (1) if their mother had not survived their father. It is safe to assume that the benefit payments to their mother help her provide them with food, care, and shelter. The commission has reserved jurisdiction to reassign the death benefit as between their mother and them in accordance with their respective needs, under sec. 102.51 (6). While they are not entitled to receive the death benefit in the first instance under sec. 102.51 (1), they reap benefit in the practical sense of the word, from the compensation payments for which the appellant is seeking reimbursement.

The circuit court held that sec. 102.51 (6), Wis. Stats., does not authorize the commission to reassign the death benefit as between Mrs. Gall and her children. The commission, by its reservation of jurisdiction under that subsection, evidently interprets the subsection as giving it that authority, and we concur. Prior to 1943, sec. 102.51 (6) gave the commission broad authority to reassign a death benefit among dependents. Ch. 270, Laws of 1943, amended sub. (1) and sub. (6), so as to limit the former authority to reassign, but preserved it as to a surviving spouse and children who are designated in sec. 102.49.

*By the Court.*—Judgment reversed; cause remanded with directions to enter an order not inconsistent with the opinion filed herein.