Frank A. Gulotta, J.
This motion, brought on by plaintiff’s attorneys, seeking permission to withdraw as counsel and requesting that their fee be fixed at $6,500 poses the question of whether a workmen’s compensation insurance carrier may be charged with a fair share of the fee, payable out of its lien.
Upon the express representation made to him by his attorneys in open court, on the record, that he would receive a mim’rmrm net sum of $7,500 over and above any liens, the plaintiff agreed during trial to compromise his cause of action for the sum of $19,500. He had previously received $8,831.72 from his employer, Food Fair Stores, Inc., in workmen’s compensation benefits for which it has a lien, it being a self-insurer in this respect.
In giving their assurances to the plaintiff, the attorneys apparently felt that they could secure a reduction in the employer’s lien and thus obtain their full fee under their retainer. The lienor not only has refused to compromise the lien, but also objects to the allowance of any attorneys’ fee out of it.
Since the case is now completed, actually there is nothing from which to withdraw and such a strategy may not be used as a device to escape the consequences of the special agreement made with the plaintiff.
This brings us to the second point, viz., may the employer be charged with a reasonable attorneys’ fee in connection with the recovery of its lien?
Section 29 of the Workmen’s Compensation Law provides for deduction of an attorney’s fee before subjecting a settlement to a compensation lien, but it does not provide for payment of a fee out of the lien.
The Third Department in Kussack v. Ring Constr. Corp. (1 A D 2d 634) came to the conclusion that there could be no *417 allowance of attorney’s fees ont of a compensation lien where the recovery was enough to pay both items in full, and the Federal Court of Appeals for the Second Circuit, in applying New York law to a similar factual situation to that existing here also reached the same conclusion in Ocean S. S. Co. v. Lumbermens Mut. Cas. Co. (125 F. 2d 925). Both of these cases involved judgment recoveries, but voluntary settlements stand on exactly the same footing under section 29 and in principle an attorney who has fought a case through to judgment should be in no worse position than if he had settled the case.
Thus in a case such as this where there is enough to pay the compensation lien in full even after making a. reasonable allowance for an attorney’s fee, there is no authority to charge any of the fee to the lien.
It is true that where the amount is insufficient for both items the lien suffers, but that is not because the lien is charged with the fee, but because the fee has priority.
In this case the attorney has not lost his priority, but he must lose part of his fee in order to give effect to the special agreement he made with his client.
Applying these principles to the instant ease, a reasonable attorney’s fee of $6,500 out of the $19,500 settlement leaves an excess of $4,168.28 over the carrier’s lien which is all the plaintiff ordinarily would receive. However, because of the special agreement which was made with the plaintiff, this balance must be restored to $7,500 before payment to the plaintiff and the only place from which it can come is the attorney’s fee, leaving him with $3,168.28 for his net fee.