DIEDRICK, by Guardian *ad litem,* and another, Plaintiffs and Appellants, v. HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff and Respondent: GEHRING and another, Defendants and Third-Party Plaintiffs and Respondents: REX CHAINBELT COMPANY, Impleaded Third-Party Defendant and Respondent.

*No. 103. Argued March 4, 1974.—Decided April 2, 1974.*
(Also reported in 216 N. W. 2d 193.)

For the appellants there was a brief by *Allan Cain,* attorney, and *Robert E. Henke* of counsel, both of Appleton, and oral argument by *Mr. Cain* and *Mr. Henke.*

For the plaintiff-respondent The Hartford Accident & Indemnity Company there was a brief by *Fulton, Menn & Nehs, Ltd.,* of Appleton, and oral argument by *Peter S. Nelson* of Appleton.

ROBERT W. HANSEN, J. The twin issues presented are whether the compensation carrier's attorney's fee was

properly included as a cost of collection of the entire award, and whether the allocation of attorneys' fees, representing costs of collection, as between plaintiffs' attorney and the insurer's attorney was fair and reasonable.

*Distribution of proceeds.*

The trial court approved the settlement and entered its order for distribution of proceeds "under Wis. Stat. Sec. 102.29 (1)." As to distribution of proceeds, that statute provides (relevant portions italicized) as follows:

"102.29 **Third party liability.** (1) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, his personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a 3rd party; nor shall the making of a claim by any such person against a 3rd party for damages by reason of an injury to which ss. 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employe or his dependents to recover compensation. The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall likewise have the right to make claim or maintain an action in tort against any other party for such injury or death. However, each shall give to the other reasonable notice and opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel. If a party entitled to notice cannot be found, the department shall become the agent of such party for the giving of a notice as required herein and the notice, when given to the department, shall include an affidavit setting forth the facts, including the steps taken to locate such party. Each shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon by the court before whom the case is pending, and if no action is pending, then by a court of record or the department. If notice is given as herein provided, the liability of the tort-feasor shall be determined as to all

parties having a right to make claim, and irrespective of whether or not all parties join in prosecuting said claim, *the proceeds of such claim shall be divided as follows:* After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe or his personal representative or other person entitled to bring action. *Out of the balance remaining, the employer or insurance carrier shall be reimbursed for all payments made by it, or which it may be obligated to make in the future, under the workmen's compensation act,* except that it shall not be reimbursed for any payments of increased compensation made or to be made under s. 102.22, 102.57 or 102.60. Any balance remaining shall be paid to the employe or his personal representative or other person entitled to bring action. *If both the employe or his personal representative or other person entitled to bring action, and the employer or compensation insurer, join in the pressing of said claim and are represented by counsel, the attorneys' fees allowed as a part of the costs of collection shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court or by the department.* A settlement of any 3rd party claim shall be void unless said settlement and the distribution of the proceeds thereof is approved by the court before whom the action is pending and if no action is pending, then by a court of record or the department." (Emphasis supplied.)

On the point raised by this appeal, the statute clearly provides what the court is to do when, as here, an employee by his personal representative and a workmen's compensation carrier "join in the pressing of said claim and are represented by counsel." In such situation, the attorneys' fees allowed by the court as a part of the costs of collection "shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court." The statute specifically requires the court approving the settlement to determine the attorneys' fees to be allowed where both the injured party and the compensation carrier joined in bringing the claim to court, and then requires the trial court to divide the fees allowed "between

such attorneys." The statute clearly provides that such fees allowed are to be taken from the total award as a cost of collection, before the plaintiff is awarded a mandatory one third "of the remainder," followed by full reimbursement to the carrier for "all payments made by it, or which it may be obligated to make in the future, under the workmen's compensation act," with the balance then remaining to be paid to the employee or his personal representative.

We see no reason for going beyond the plain mandate of a clear statute in holding that the trial court correctly followed the division of proceeds mandated by the statute. We note, however, that the procedure outlined in the Wisconsin statute [1] is not unique or unusual.[2] It is true that some states have enacted statutes providing that, in certain situations, the compensation carrier is

---

[1] *See: Pagel v. Kees* (1964), 23 Wis. 2d 462, 472, 127 N. W. 2d 816, this court stating: "Under sec. 102.29 (1), Stats., the employee and the compensation carrier are given specific rights and shares in the recovery against a third party. The reasonable costs of collection are first deducted, then one third of the remainder is allocated to the injured employee, and the balance is applied to reimburse the insurance carrier for payments made or obligated. If there is any remainder, it belongs to the employee. . . ." *See also: Skornia v. Highway Pavers, Inc.* (1967), 34 Wis. 2d 160, 165, 148 N. W. 2d 678; *Gall v. Robertson* (1960), 10 Wis. 2d 594, 597, 103 N. W. 2d 903.

[2] 2 Larson, *Workmen's Compensation Law*, pp. 226.118, 226.119, sec. 74.32, stating: "Usually attorney's fees and expenses are deducted both in priority to the employer's lien on the employee's recovery, and before there is any excess for the employee in the employer's recovery. If the sum recovered by the employee is more than enough to pay attorney's fees and reimburse the carrier, the carrier is reimbursed in full and, apart from special statutes on sharing attorney's fees, is not required to share the legal expenses involved in obtaining the recovery. In other words, under the usual provision, the legal expenses diminish the overall sum to which the insurer's claim attaches; but if it is possible to do so within that fund as diminished the insurer is entitled to be reimbursed in full."

obliged to pay a portion of its attorney's fee out of its share of the proceeds.[3] This is a matter for the legislative branch to determine, and appellants' counsel's argument that it would be a better scheme to require compensation carriers in third-party actions to pay their own costs of collection in securing reimbursement are to be addressed to the legislature, not the courts. While the statutes there involved were substantially similar to the Wisconsin law, it is solely for the purpose of completeness that we mention decisions in Michigan,[4] Delaware,[5] Mississippi,[6] California,[7] and New York.[8]

[3] *Id.* at page 226.119, stating: "Under a considerable number of statutes, however, when the suit is brought or recovery effected by the employee, and sometimes in all cases, the carrier is obliged to pay a portion of the attorney's fee out of his share, usually in proportion to his share of the recovery."

[4] *See: Kroll v. Hyster Co.* (1973), 48 Mich. App. 753, 759, 211 N. W. 2d 81, 84, concluding where: ". . . the attorney engaged by the workmen's compensation carrier contributes services toward the successful result, the fees of the carrier's attorney are a reasonable cost of recovery and the attorney representing the carrier is entitled to be paid for those services out of the settlement or judgment obtained against the third-party tortfeasor."

[5] *See: Cannon v. Container Corp. of America* (Del. 1971), 282 Atl. 2d 614, 616, 617, where carrier brought a third-party action and employee intervened, holding: "The priorities of distribution thus expressly established by sec. 2363 foreclose Cannon's contention that the carrier is required to bear its share of the expenses of recovery, including its attorneys' fees, out of its separate share of the proceeds. . . ."

[6] *See: Tadlock v. United States Fidelity & Guaranty Co.* (Miss. 1969), 219 So. 2d 143, where employee brought third-party action and the carrier intervened, holding that the gross recovery should be disbursed as follows, pursuant to sec. 6998–36, Miss. Stats., (1) Cost of recovery, including attorneys' fees; (2) amount due carrier for benefits paid; and (3) remainder to employee.

[7] *See: Johnson v. L. D. S. Trucking Co.* (1967), 254 Cal. App. 2d 496, 62 Cal. Rptr. 501, where employer brought a third-party action and carrier's attorney aided the settlement, the appeals court holding trial court erred in imposing costs under sec. 3860, California Labor Code, for attorneys' fee upon the carrier's portion of the settlement.

With the Wisconsin statute clear in its terms and plain on its face, there is no need to go to other jurisdictions to support a holding that, as to manner of division of proceeds, the trial court here did exactly what the statute required that it do.

*Allocation of fees.*

Since the statute requires the trial court to (1) determine the attorneys' fees to be allowed as a part of the costs of collection, and (2) unless otherwise agreed upon, to divide such fee set between the attorney for the employee and the attorney for the employer or carrier, any objection in this area has to be to either such determination or such allocation between the attorneys. In the case before us, the trial court made a finding that there was no binding agreement as to sharing in the costs of collection between the attorneys involved. The agreement it did find to exist was that the carrier's attorney would be "paid out of the costs of collection for services performed on the theory of *quantum meruit.*" It set the reasonable value of the carrier's counsel's fees at $16,000, and the reasonable value of the employee's counsel's fees at $19,333.33.

Attacking primarily the fee awarded the carrier's counsel as a cost of collection, appellants' attorney argues (1) that the carrier's law firm was not retained by the employee, which is true enough; (2) that it is immaterial whether efforts of the carrier's counsel contributed to the employee's recovery which is also true; and (3) that incidental benefits accruing to the employee as a result of efforts by the carrier's counsel are noncom-

---

[8] *See: Goodemote v. Mushroom Transportation Co.* (3d Cir. 1970), 427 Fed. 2d 285, citing *Ocean S. S. Co. v. Lumbermens Mut. Casualty Co.* (2d Cir. 1942), 125 Fed. 2d 925, and *Sarancza v. Roberts and Grancelli, Inc.* (1963), 41 Misc. 2d 415, 416, 245 N. Y. Supp. 2d 403, where the court stated: "Section 29 of the Workmen's Compensation Law provides for deduction of an attorney's fee before subjecting a settlement to a compensation lien, but it does not provide for payment of a fee *out of the lien.*"

pensable as to such employee, which may be true as far as it goes, which is not very far. The statute does not provide for payments to the carrier's counsel for services performed either at the request of or on behalf of the employee. It provides for his compensation as a cost of collection by a reasonable fee based on services performed for and on behalf of the carrier.

As to the total fees allowed as a cost of collection, no issue is raised as to whether the total set by the court is unreasonably high. Since it reflects the value of services rendered to the employee by one attorney, and to the workmen's compensation carrier by another law firm, we do not consider it to be an unreasonable figure. We have no hesitancy in rejecting appellants' counsel's argument that it was unreasonably low. Validating the total allowed leaves the question of a fair and equitable balancing or allocating between the attorney for the employee and the carrier's counsel. The trial court said of the carrier's counsel's work in this case: ". . . He is, if not the sole architect, at least one of the chief builders of what I regard as a most reasonable and appropriate settlement. . . ." The evidence in the case clearly indicates that the carrier's counsel drafted the required legal papers, handled the advance depositions and participated in the negotiations for settlement. It appears from the record that the carrier's counsel by agreement was to prepare the liability aspects of the case, while the employee's attorney was to prepare and handle the medical aspects. On this record there appears no basis at all for the employee's counsel complaining of an allocation of fees that awarded him a greater sum for his services than was awarded to the carrier's counsel. The trial court's division of the total fee allowed, as a cost of collection, between the attorney for the employee and the attorney for the workmen's compensation carrier, is affirmed.

*By the Court.*—Order affirmed.