WILLIAM KOLBERG *et al.*, Plaintiffs, v. SULLIVAN FOODS, INC., Defendant (Liberty Mutual Insurance Company, Intervenor-Defendant; Previant, Goldberg, Uelman, Gratz, Miller and Brueggeman, S.C., Appellee; Kasdorf, Lewis and Swietlik, S.C., Appellant).

Second District    No. 2—94—0494

Opinion filed December 28, 1994.—Rehearing denied February 1, 1995.

Ronald C. Curtis, of Kasdorf, Lewis & Swietlik, S.C., of Milwaukee, Wisconsin, for appellant.

Dean M. Horwitz and Hope K. Olson, both of Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman, S.C., of Milwaukee, Wisconsin, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

This appeal concerns a dispute between two law firms, the appellee, Previant, Goldberg, Uelman, Gratz, Miller & Brueggeman (Previant), and the appellant, Kasdorf, Lewis & Swietlik (Kasdorf). Previant represented plaintiffs, William and Marge Kolberg, in their third-party action for injuries William sustained on the premises of the defendant, Sullivan Foods, Inc. (Sullivan Foods). Kasdorf represented Liberty Mutual Insurance Company (Liberty Mutual), the worker's compensation carrier which insured William's employer. Plaintiffs settled with Sullivan Foods in exchange for the dismissal of

the action, and Liberty Mutual settled with it in exchange for reducing its worker's compensation lien. The issues for review are whether the trial court should have applied Wisconsin law to the fee dispute between the law firms and whether Kasdorf is entitled to an equitable portion of the available attorney fee from the settlement proceeds.

The record reveals the following undisputed facts. Plaintiffs are Wisconsin residents, and William was employed as a truck driver by a Wisconsin corporation. He was unloading his truck at Sullivan Foods' store in McHenry, Illinois, when he was injured. William applied for, and received, worker's compensation in Wisconsin. Plaintiffs filed suit in Illinois against Sullivan Foods, and Liberty Mutual was allowed to intervene. Sullivan Foods settled with plaintiffs and Liberty Mutual for $225,000; plaintiffs received $197,500, and Liberty Mutual received $27,500. (Sullivan Foods agreed to settle on the condition that both plaintiffs and Liberty Mutual had to accept the settlement. If either of them refused, Sullivan Foods would not settle with the other.) Approximately $60,641 of the settlement, which represented the attorney fees, was escrowed in Previant's client account pending an attempt by Previant and Kasdorf to resolve their differences over the fees. The cause was dismissed with prejudice, and the court retained jurisdiction to resolve any dispute between Previant and Kasdorf over the apportionment of the attorney fees from the settlement proceeds.

Previant moved the court to award it the entire attorney fee amount and to award no portion of it to Kasdorf. Kasdorf objected, arguing that it was entitled to 40% of the fee amount. The court did not believe that section 102.29 of the Wisconsin Statutes (Wis. Stat. Ann. § 102.29 (West Supp. 1994)) applied to the dispute; therefore, the court applied general equitable principles. The court noted that the third-party action was not a joint action, as Liberty Mutual had petitioned to intervene a year or two after the action had commenced. There was no agreement to split the fees, and the court found that the available "fund" belonged to plaintiffs. In the written order, the court stated that, under either Illinois or Wisconsin law, Kasdorf was not entitled to any of the fee amount. It therefore awarded the entire sum to Previant. Kasdorf timely appealed.

■ We first consider which law to apply. Our supreme court has relied on the principles set forth in the Restatement (Second) of Conflicts to resolve conflict-of-law questions. (*In re Marriage of Adams* (1990), 133 Ill. 2d 437, 446.) Section 185 of the Restatement provides:

"The local law of the state under whose workmen's compensation

statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury." (Restatement (Second) of Conflicts § 185 (1971).)

Thus, contrary to the general rule, it is not the site of the injury that determines which law applies to the right to reimbursement but, rather, the State in which the claimant filed for worker's compensation. The Restatement view is in accord with Larson's treatise, which states:

> "As to third-party actions, if compensation has been paid in a foreign state and suit is brought against a third party in the state of injury, the substantive rights of the employee, the subrogated insurance company and the employer are ordinarily held governed by the law of the foreign state ***." (4 A. Larson, Workmen's Compensation 16—171, § 88.00 (1989).)

The substantive rights of the insurer are implicated here as it would have to pay the attorney fee if Kasdorf is not paid from the proceeds of the settlement. Thus, we agree with Kasdorf that Wisconsin law applies.

■ The Wisconsin statute relating to third-party actions provides that the costs of collection shall be taken out of the proceeds from the third-party claim. (Wis. Stat. Ann. § 102.29(1) (West Supp. 1994).) The statute further provides, in relevant part:

> "If both the employe [sic] *** and the *** compensation insurer *** join in the pressing of said claim and are represented by counsel, the attorneys' fees allowed as a part of the costs of collection shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court ***." (Wis. Stat. Ann. § 102.29(1) (West Supp. 1994).)

The meaning of a statute is derived from the language used, and an unambiguous statute will be enforced as written. (*Estate of Boyle v. Wickhem, Buell, Meier, Wickhem & Southworth, S.C.* (Wis. Ct. App. 1986), 134 Wis. 2d 214, 218-19, 397 N.W.2d 124, 126.) A statute should be construed to give effect to the legislative intent (*Elliott v. Employers Mutual Casualty Co.* (Wis. Ct. App. 1993), 176 Wis. 2d 410, 414, 500 N.W.2d 397, 399), which here is the accommodation of "the interests of both the injured employee and the compensation carrier by ensuring that the employee receives a minimum share of the proceeds of the tort recovery, and granting a right of subrogation to the worker's compensation carrier to ensure reimbursement for its expenses" (*Skirowski v. Employers Mutual Casualty Co.* (Wis. Ct. App. 1990), 158 Wis. 2d 242, 247, 462 N.W.2d 245, 248). Kasdorf

argues that, pursuant to section 102.29(1), it is entitled to a portion of the fee because Liberty Mutual intervened in the action and retained Kasdorf as its counsel.

■ The Wisconsin Supreme Court interpreted this clause in *Diedrick v. Gehring* (1974), 62 Wis. 2d 759, 216 N.W.2d 193, on which Kasdorf relies. In *Diedrick*, the court ruled that the plain language of the statute provided that attorney fees shall be allowed unless otherwise agreed upon, and the statute provides for the compensation of the insurance carrier's attorney "as a cost of collection by a reasonable fee based on services performed for and on behalf of the carrier." (*Diedrick*, 62 Wis. 2d at 767, 216 N.W.2d at 197.) This clearly indicates that the court must allocate some portion of the fee to the compensation carrier's attorney when that attorney participates on behalf of the carrier, regardless of whether that attorney's participation aided the employee. The court further indicated that, to be entitled to a fee as part of the costs of collection, the attorney for the compensation carrier need not advance the employee's claim in any way, as long as the attorney provides services for the carrier. (62 Wis. 2d at 766-67, 216 N.W.2d at 196-97.) Thus, pursuant to *Diedrick*, Kasdorf is entitled to a portion of the fee for services rendered to Liberty Mutual, regardless of whether it contributed anything to plaintiffs' settlement.

■ Previant responds that section 102.29(1) does not apply because the parties agreed to a different allocation of the proceeds of the settlement than that set forth in the statute. Previant reasons that the statutory mandates therefore do not apply at all. We disagree. The parties here consented to a different division of the proceeds; therefore, the statutory provision as to the division of the proceeds does not apply. (*Simanek v. Miehle-Goss-Dexter* (Wis. Ct. App. 1983), 113 Wis. 2d 1, 5-6, 334 N.W.2d 910, 912; *Skirowski*, 158 Wis. 2d at 248, 462 N.W.2d at 249.) However, the apportionment of the proceeds is distinct from the apportionment of the costs of collection. (See *Kottka v. PPG Industries, Inc.* (1986), 130 Wis. 2d 499, 522, 388 N.W.2d 160, 170.) Because the parties did not agree on the apportionment of the attorney fees between Previant and Kasdorf (part of the costs of collection), the statutory provision for the apportionment of the fees controls.

We therefore conclude that the court erred in failing to allocate any portion of the fee amount to Kasdorf. On remand, the court is to consider the value of the services provided by each law firm to its respective client as the basis for an allocation of the fees.

The order of the circuit court is reversed, and the cause is remanded with directions.

Reversed and remanded.

McLAREN and GEIGER, JJ., concur.