Scott R.MEYER of Wisconsin, Plaintiff-Respondent,

v.

MICHIGAN MUTUAL INSURANCE CO., a foreign corporation, Defendant-Appellant,

MILLERS CLASSIFIED INSURANCE CO., a foreign corporation, Defendant.

Court of Appeals

*No. 98–3432. Submitted on briefs October 22,1999.—Decided February 2, 2000.*

2000 WI App 53

(Also reported in 609 N.W.2d 167.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christopher D. Walther* of *Walther Law Offices, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joseph G. Doherty* of *Bunk, Doherty & Griffin, S.C.* of West Bend.

Before Brown, P.J., Nettesheim and Snyder, JJ.

¶ 1.   SNYDER, J.   This is an appeal from a judgment approving a settlement and distributing insurance proceeds pursuant to WIS. STAT. § 102.29(1) (1995–96).[1] Michigan Mutual Insurance Co. (Michigan

---

[1] All references to the Wisconsin Statutes are to the 1995–96 version.

Mutual) contends that the circuit court improperly exercised its discretion in awarding Scott R. Meyer a one-third contingent attorneys' fee as part of the "reasonable cost of collection" under § 102.29(1).[2] Michigan Mutual claims that the circuit court should have considered a list of factors under SCR 20:1.5(a) (1999) in assessing the reasonableness of Meyer's attorneys' fees. Because we conclude that the court appropriately reviewed the SCR 20:1.5(a) factors, Michigan Mutual's argument fails. We therefore affirm on this issue.

¶ 2. Michigan Mutual also contends that the circuit court erred as a matter of law in entering a judgment against it for $1 million, the limits of its policy, when WIS. STAT. § 102.29(1) provides for the allocation of proceeds to Meyer's employer's insurance carrier, Michigan Mutual. We agree; therefore, on this point of error we reverse and remand with directions that the circuit court enter judgment consistent with this opinion.

## BACKGROUND

¶ 3. The facts of this case are lengthy but not particularly complicated. On April 6, 1993, Meyer sustained severe physical injuries when he was hit by a truck driven by a fellow employee and owned by his employer, Milliken Millwork, Inc. (Milliken). Meyer subsequently began receiving worker's compensation benefits from Milliken's worker's compensation insurer, Michigan Mutual.

---

[2] Meyer also seeks insurance coverage from Millers Classified Insurance Co. (Millers). In a separate appeal, this court recently determined that Meyer was entitled to coverage from Millers's underinsured motorist policies. *See Meyer v. Michigan Mut. Ins. Co.*, 2000 WI App 37, 233 Wis. 2d 221, 607 N.W.2d 333.

¶ 4. On February 16, 1996, Meyer filed a third-party liability action against Milliken and the employee who drove the truck that hit Meyer. On April 24, 1996, Meyer amended his complaint to include Michigan Mutual.[3]

¶ 5. In July 1996, Michigan Mutual tendered a settlement to Meyer of its liability policy limits of $1 million subject to its WIS. STAT. § 102.29(1) right of reimbursement. Meyer rejected the tender, and in August 1996, Michigan Mutual filed a motion for declaratory judgment that the liability policy limits applicable in this case were $1 million.

¶ 6. In a nonfinal order entered on March 12, 1997, the circuit court ruled that Michigan Mutual's liability policy limits were $2 million. Michigan Mutual filed a petition for leave to appeal the circuit court's nonfinal order. The court of appeals granted the petition, and on April 10, 1998, it issued a decision holding that Michigan Mutual's policy provided $1 million in coverage. The court of appeals then remanded the case with directions to enter a declaratory judgment determining that the policy provided $1 million of coverage.

¶ 7. On June 29, 1998, Michigan Mutual informed Meyer that the tender of its $1 million policy limits still remained on the table. Meyer responded by submitting to Michigan Mutual a proposed bill of costs and a stipulation and order for approval of a third-party claim pursuant to WIS. STAT. § 102.29(1), and requesting that Michigan Mutual forward a settlement draft in the amount of $1,001,255.87. Michigan Mutual objected to Meyer's proposed $333,333.33 attorneys' fees, as well as the costs of collection.

---

[3] Michigan Mutual wrote both an auto liability policy and a worker's compensation policy for Milliken.

¶ 8.  On August 21, 1998, Meyer accepted Michigan Mutual's offer to settle the case for the $1 million policy limits subject to the WIS. STAT. § 102.29(1) distribution provision. On the same day, Meyer filed a motion for a protective order prohibiting Michigan Mutual's discovery of documents relating to Meyer's attorneys' fees. The motion also sought approval of the settlement and distribution of the third-party proceeds.

¶ 9.  On September 11, 1998, the circuit court conducted a hearing to address Meyer's motion. At the hearing, Meyer produced documentation substantiating his itemization of expenses that Michigan Mutual had requested through interrogatories and a request for production of documents. The circuit court granted Meyer's motion for a protective order and his motion to approve the distribution of the third-party settlement proceeds. The court awarded Meyer's counsel a one-third contingency fee of $333,333.33 and costs in the sum of $7209.09. One-third of the balance was ordered paid to Meyer and the remainder was allocated to Michigan Mutual to reimburse it for the worker's compensation benefits paid. An order was entered to this effect on September 28, 1998.

¶ 10.  On October 2, 1998, Meyer sent Michigan Mutual a proposed order for judgment and judgment awarding Meyer $560,361.61, which was the total of the attorneys' fees, costs and one-third of the balance that the circuit court had awarded him. On October 5, he submitted a revised proposed order for judgment and judgment in the amount of $1 million. Michigan Mutual objected to this revision; however, the court disagreed and entered a $1 million judgment against Michigan Mutual on October 19, 1998. After Michigan

Mutual moved to amend the judgment, the court denied its motion. Michigan Mutual now appeals.

## DISCUSSION

### A.  Attorneys' Fees

¶ 11.  Michigan Mutual argues that the circuit court erroneously exercised its discretion by awarding a one-third contingent attorneys' fee to Meyer as part of the reasonable cost of collection in dividing the proceeds of the settlement. In reviewing the circuit court's ruling as to the value of attorney fees, we consider whether the court properly exercised its discretion. *See Village of Shorewood v. Steinberg*, 174 Wis. 2d 191, 204, 496 N.W.2d 57 (1993). A circuit court properly exercises its discretion if it "employs a logical rationale based on the appropriate legal principles and facts of record." *Id.* (quoting *Petros v. City of Watertown*, 152 Wis. 2d 692, 696, 449 N.W.2d 72 (Ct. App. 1989)).

¶ 12.  The formula for dividing the proceeds of a settlement in a third-party liability action when worker's compensation benefits have been paid is set forth in WIS. STAT. § 102.29(1). That section states:

> [T]he proceeds of such claim shall be divided as follows: After deducting the *reasonable cost of collection*, one-third of the remainder shall in any event be paid to the injured employe . . . . Out of the balance remaining, the employer, insurance carrier or, if applicable, uninsured employers fund shall be reimbursed for all payments made by it . . . . A settlement of any 3rd party claim shall be void unless said settlement and the distribution of the proceeds thereof is approved by the court before whom the action is pending and if no action is pend-

ing, then by a court of record or by the department. (Emphasis added.)

The statute "requires the court approving the settlement to determine the attorneys' fees to be allowed." *Diedrick v. Hartford Accident & Indem. Co.*, 62 Wis. 2d 759, 763, 216 N.W.2d 193 (1974). While § 102.29(1) refers to the "reasonable cost of collection," it does not mandate what that cost should be.

¶ 13. Michigan Mutual argues that the circuit court erred by only considering the existence of Meyer's contingent fee contract. In support, Michigan Mutual relies on *Village of Shorewood*. In that case, the supreme court reviewed an award of attorney fees under an eminent domain statute, WIS. STAT. § 32.28, authorizing a court to award "reasonable" and "necessary" attorney fees under certain conditions. The court held that for eminent domain cases, courts should use "a contingency fee agreement as a guide only and must consider all the circumstances of the case to determine whether the contingency fee amount is a just and reasonable figure." *Village of Shorewood*, 174 Wis. 2d at 204. The court then looked to SCR 20:1.5(a) as a guide for assessing the reasonableness of attorney fees.[4] *See Village of Shorewood*, 174 Wis. 2d at 204; *see also Stan-*

[4] Supreme Court Rule 20:1.5(a) (1999) provides:

A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

*dard Theatres, Inc. v. DOT*, 118 Wis. 2d 730, 749 n.9, 349 N.W.2d 661 (1984).

¶ 14. The *Village of Shorewood* court reviewed six of the SCR 20:1.5(a) factors in concluding that the attorney's fees were reasonable. While the court pointed out that the attorney's contingent fee was significantly higher than the opposing party's attorney's fee—$108,867 compared with $13,757—it concluded that the circuit court's determination was properly grounded on the SCR 20:1.5(a) factors. The court added that "[i]f we were to review this case *de novo*, we might make a different determination, but because the circuit court is in 'an advantageous position to make a determination as to the reasonableness of a firm's rates,' our review is limited to determining whether the circuit court properly exercised its discretion." *Village of Shorewood*, 174 Wis. 2d at 206 (quoting *Standard Theatres*, 118 Wis. 2d at 747).

¶ 15. Although Meyer contends that *Village of Shorewood* is "not really on point," we find the opinion instructive. WISCONSIN STAT. § 102.29 calls for a "reasonable cost of collection," and WIS. STAT. § 32.28 authorizes "reasonable" and "necessary" attorney fees. In both instances, the SCR 20:1.5(a) factors provide an appropriate assessment of reasonable attorney fees.

¶ 16. Michigan Mutual claims that the court ignored all of the factors except whether the attorneys' fees were fixed or contingent. We disagree. While the court's decision was based in large part on the exis-

(5)   the time limitations imposed by the client or by the circumstances;

(6)   the nature and length of the professional relationship with the client;

(7)   the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8)   whether the fee is fixed or contingent.

tence of a contingent fee agreement, we observe that the court also considered the substantial hours and effort expended by Meyer's attorneys in this case, the amount of money involved and the attendant risks. We therefore conclude that the circuit court did not erroneously exercise its discretion.

¶ 17.   At the September 11, 1998 motion hearing, the circuit court first considered Meyer's contingent fee contract.

> There was a contingent fee agreement which is standard and has been for probably 100 years. One quarter, one third after commencement of suit. That is a contract between the client and the lawyer.

The court then explained its familiarity with worker's compensation cases and the role of the contingent fee agreement.

> And I spent a number of years in the practice of law involving worker's compensation, personal injury, and am very familiar with how it works and how [§ ] 102.29 distributions are paid and how reasonable costs of collection are determined.
>
> . . . .
> And even if [Michigan Mutual] were successful in [its] argument I'm afraid that it would have a grossly dampening effect upon all lawyers and upon clients in worker's compensation cases that they would be impaired in getting experienced, capable, competent legal counsel. . . .
> . . . Ordinarily in a comp case there's a limited amount that attorneys charge in that case, and often-times their time is at a low hourly rate if it's to be figured as to the recovery.

¶ 18. After addressing the contingent fee arrangement pursuant to SCR 20:1.5(a)(8), the court pointed out the significant amount of time and effort spent by Meyer's counsel.

> [Counsel for Meyer] has spent, I'm sure, hundreds and hundreds of hours in litigation such as this and in worker's compensation. The value of those services cannot be measured in dollars per hour.

These comments reflect the court's consideration of the first SCR 20:1.5(a) factor—the time and labor required to represent the client.

¶ 19. The court then addressed the amount of money involved in this case pursuant to SCR 20:1.5(a)(4).

> [H]ere we're talking about very, very substantial amounts of money that can go to the benefit of this client. And it is not just the contingent fee that must be considered any more than should be just the hours.

¶ 20. The court additionally commented on the risks attendant to worker's compensation cases. *See Village of Shorewood*, 174 Wis. 2d at 206.

> I am very well aware of how plaintiff's counsel can come into court after spending hundreds and hundreds of hours, if not thousands in some cases, to be stuck with the costs and no compensation. And one third contingent fee is not designed to in each and every case specifically compensate the lawyer for the work that had been done on an hourly basis or—it's a gamble. And sometimes I think lawyers are foolish. And I was one of them at times with taking cases, because it would have been better spending the money in Las Vegas. The odds would have been better maybe.

As a final point, the court recognized the case as being "obviously a very, very serious injury case."

¶ 21. In the end, the court found the one-third contingent fee to be a reasonable cost of collection under WIS. STAT. § 102.29.

> And when you find out the [§] 102.29 phraseology of reasonable costs of collection is not meant nor is it to be interpreted as that . . . attorney[s] must prove on an hourly basis or a work time sheet that they had put in that time and that effort to equal that amount that had been gained under the contingent fee contract. Reasonable costs of collection for attorney fees includes whether the arrangement that had been made between the client and the lawyer was reasonable.
>
> And I can take judicial notice that it is reasonable to have a contingent fee agreement . . . .

¶ 22. As was the case in *Village of Shorewood*, each and every SCR 20:1.5(a) factor need not be examined, but the court shall review "all the circumstances of the case to determine whether the contingency fee amount is a just and reasonable figure." *Village of Shorewood*, 174 Wis. 2d at 204. Here, the court considered several factors, including the existence of the contingent fee contract, the time spent by the attorneys, the amount of money at stake and the risks inherent to the case. We are satisfied that the court's rationale was not erroneous.

¶ 23. Michigan Mutual argues that the contingent fee award of $333,333.33 is unreasonable because this case was "a mine run accident case with substantial damages." Apart from Meyer's separate worker's compensation claim, his WIS. STAT. § 102.29(1) third-party liability action involved the filing of numerous

summonses and complaints, limited discovery and engaging in settlement negotiations. In addition, the record shows that Meyer's attorneys handled three separate appeals involving third-party liability—the first dealt with Michigan Mutual's appeal of the circuit court's nonfinal order concerning its policy limits; the second involved the dismissal of another insurance carrier, United States Fire Insurance Co.; and the third addressed Millers Classified Insurance Co.'s duty to indemnify. While we recognize that one-third of $1 million is a particularly large sum to compensate Meyer's lawyers for their efforts on behalf of his claim, our judgment is tempered by the circuit court's better position to determine the reasonableness of attorneys' fees. *See Village of Shorewood*, 174 Wis. 2d at 206. We are satisfied that the circuit court examined the circumstances and properly exercised its discretion in awarding attorneys' fees to Meyer's counsel.[5]

## B.  $1 Million Judgment

¶ 24.   Michigan Mutual next argues that the circuit court erred as a matter of law in ordering the entry of a $1 million judgment to Meyer where WIS. STAT. § 102.29(1) expressly calls for the distribution of funds to the employer or the employer's insurance carrier.

---

[5] In a related argument, Michigan Mutual contends that because the circuit court only considered the contingent fee contract, it erroneously granted Meyer's motion for a protective order from Michigan Mutual's request for discovery regarding Meyer's attorneys' fees. We reject this argument for the same reason that we reject Michigan Mutual's contention that the circuit court erroneously awarded a one-third contingent attorney fee under WIS. STAT. § 102.29(1). The court examined several SCR 20:1.5(a) factors as directed by *Village of Shorewood v. Steinberg*, 174 Wis. 2d 191, 496 N.W.2d 57 (1993).

Meyer responds that his right to recover $1 million in insurance proceeds is unaffected by the § 102.29(1) formula for distribution. We conclude that the judgment entered in favor of Meyer should include only the amount he is entitled to under § 102.29(1).

¶ 25.   In an August 21, 1998 letter to Michigan Mutual, Meyer "accepted Michigan Mutual's offer to settle this case for $1,000,000 policy limits subject to the § 102.29 distribution provisions." On September 28, 1998, the court issued an order approving the parties' settlement. The order provided the following:

| | | |
|---|---|---|
| A. | $ 1,000,000.00 | The total amount of the settlement; |
| B. | $ 333,333.33 | To plaintiff's attorney as attorney fees; |
| | 7,209.09 | To plaintiff's attorney as costs of collection; |
| | $ 340,542.42 | Balance; |
| C. | $ 219,819.19 | One-third of balance to employee; |
| D. | $ 439,638.39 | To worker's compensation insurance carrier, Michigan Mutual Insurance Company, as reimbursement for benefits previously paid. |

¶ 26.   On October 2, 1998, Meyer sent Michigan Mutual a proposed judgment awarding himself $560,361.61, which was the total of the attorneys' fees, costs and one-third of the balance that the circuit court had awarded him. On October 5, 1998, however, Meyer submitted a revised proposed judgment awarding himself $1 million. Michigan Mutual objected to this revised amount. At a November 30, 1998 motion to amend judgment hearing, the circuit court determined that "Scott Meyer was entitled to one million dollars. He was not entitled to 200-some thousand dollars."

¶ 27.   Both parties agree that the distribution of the Michigan Mutual policy proceeds is governed by WIS. STAT. § 102.29(1). "After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe . . . . Out of the balance remaining, the employer, insurance carrier or, if applicable, uninsured employers fund shall be reimbursed for all payments made by it . . . ." *Id.* As the court's September 28, 1998 order reflected, the cost of collection is first deducted from the proceeds. The cost of collection was $340,542.42, which comprised Meyer's attorneys' one-third share plus their costs. Out of the remaining $659,457.58, one-third is to be paid to the injured employee, Meyer. That amount totals $219,819.19. The remaining balance, $439,638.39, goes to Michigan Mutual, the employer's insurer, to reimburse it for its payments to Meyer. As Meyer has conceded, "the worker's comp carrier has paid far in excess of $440,000."

¶ 28.   This distribution is prescribed by WIS. STAT. § 102.29(1) and is consistent with the court's original September 28, 1998 order. The amount of the judgment entered against Michigan Mutual should also be the amount provided for under § 102.29(1). A $1 million judgment award in this case is improper because Michigan Mutual only owes Meyer the cost of collection and one-third of the remainder, totaling $560,361.61.

¶ 29.   In sum, we affirm the circuit court's assessment of attorneys' fees but reverse the judgment and remand to the circuit court with directions to enter judgment against Michigan Mutual for $560,361.61 plus interest.

¶ 304.   Costs are denied to all parties.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.